[Civ. No. 3820.   Second Appellate District. Division Two.—May 19, 1922.]

## THE MILLER COMPANY, INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUSTICE'S COURT APPEAL—DEPOSIT IN LIEU OF UNDERTAKING—TIME—ENTRY OF JUSTICE OF NOTICE OF EXCEPTION TO SURETIES — EFFECT OF. — A deposit of cash in lieu of an undertaking on an appeal from a justice's court made six days after the filing of the notice requiring a justification of the sureties on the undertaking originally filed is one day too late under section 978a of the Code of Civil Procedure, and an entry made by the justice in his docket of the filing of notice of exception to the sureties on one day earlier than shown by the uncontradicted affidavit of the respondent on the appeal is not controlling, since such an entry is not one required by section 911 of the Code of Civil Procedure and is therefore not an official act.

PROCEEDING on application for a Writ of Prohibition to prevent further proceedings in a Justice's Court appeal. Writ granted.

The facts are stated in the opinion of the court.

Tanner, Odell & Taft for Petitioner.

F. D. Macomber and Fogel & Beman for Respondents.

WORKS, J.—Petitioner is plaintiff in an action pending before respondent superior court. That action originated in the justice court and was tried there, with the result that judgment went in favor of petitioner. The defendant in the action prosecuted an appeal to respondent superior court and petitioner made a motion to dismiss the appeal, the motion being denied. Petitioner contends that the motion should have been granted, and by its petition seeks to prohibit respondents from taking further proceedings in the action. Upon the filing of the petition an alternative writ of prohibition was issued and the matter is now before us upon the question whether a peremptory writ shall go forth. Respondents have interposed a general demurrer to

the petition and the question is, therefore, to be settled upon the face of the latter pleading.

The petition alleges that in due time after the filing of his notice of appeal and undertaking on appeal by the defendant in the action mentioned petitioner served and filed a notice that it excepted to the sureties on the undertaking and required them to justify. It is averred that this notice was filed June 15, 1921. The next allegation is that the defendant in the action never gave petitioner notice of justification of the sureties on the undertaking and never gave notice that a new undertaking had been filed, and "that on the twenty-first day of June, 1921, without any notice to plaintiff or its attorneys, defendant deposited" with the justice of the peace an amount in cash in lieu of undertaking. According to these allegations, then, it will be observed, the deposit of cash with the justice was made six days after the filing of the notice requiring a justification of the sureties on the undertaking. Petitioner contends that this situation is fatal to the appeal, as section 978a of the Code of Civil Procedure, relating to appeals from justice courts, provides as to undertakings on appeal that "The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."

[1] Respondents, in arguing the point made by petitioner, call our attention to the fact that a copy of the docket of the justice in the action is attached to the petition as an exhibit. On this copy appears the entry, under the year 1921: "June 16—Notice of exception to bond and requiring sureties to justify filed." If this statement is to control the allegation of the petition that the notice was filed June 15th, the deposit of cash in lieu of undertaking was in time, for it will be remembered that the deposit was made June 21st. Respondents insist that the entry in the docket is paramount to the allegation, but we think the contention cannot be sustained. Section 911 of the Code of Civil Procedure requires every justice to keep a docket, but it also designates the entries to be made by him in

the book, and such an entry as that made by the justice in the present instance is not among them. The act of the justice in making the entry was not, therefore, an official act. It could have no more effect than the voluntary statement, not made under oath, of an ordinary private individual. In truth, that in reality is all it was. We are convinced that the allegation of the pleading that the notice was filed on June 15th is uncontradicted and conclusive and that the deposit of cash in lieu of undertaking was one day too late. The appeal should have been dismissed by respondents.

Before concluding we should remark that the inclusion of the copy of the docket of the justice as an exhibit to the petition was not brought about in such a manner as to amount to an adoption by petitioner of the assertion contained in it to the effect that the notice was filed June 16th. The exhibit was imported by means of an allegation to the effect that the cause was tried by the justice on a certain day and that judgment was rendered in favor of plaintiff on the next day for certain damages, interest, and costs, "all of which will more fully appear by a copy of the transcript of said justice's court as certified to the superior court, and hereunto annexed and marked" as an exhibit "and made a part hereof."

The demurrer is overruled and a peremptory writ of prohibition will issue as prayed.

Finlayson, P. J., and Craig, J., concurred.